**IN THE COURT OF APPEALS OF IOWA**

No. 13-1053
Filed June 11, 2014

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**PATRICK MORENO,**
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Black Hawk County, Joseph M.

Moothart (suppression motion) and James D. Coil (judgment and sentencing),

District Associate Judges.

      Patrick Moreno appeals the district court's denial of his motion to suppress

evidence obtained following the stop of his vehicle.  **AFFIRMED.**

      John J. Sullivan of Sullivan Law Office, P.C., Oelwein, for appellant.

      Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney

General, Thomas J. Ferguson, County Attorney, and Shana Schwake, Assistant

County Attorney, for appellee.

      Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**DOYLE, J.**

Patrick Moreno appeals the district court's denial of his motion to suppress evidence obtained following the stop of his vehicle. He maintains the police officer did not have probable cause or reasonable suspicion to stop his vehicle and asks that all evidence following the seizure be suppressed. Because we agree the officer had probable cause to stop Moreno, we affirm.

On March 2, 2013, at approximately midnight, University of Northern Iowa patrol officer Walderbach was on patrol sitting at a stoplight at the intersection of College Street and University Avenue when he observed a white sedan driving "awfully slow" in the area of College Street and 29th Street. He estimated the car was going ten miles an hour in a twenty-mile-per-hour speed zone. The officer accelerated to follow the car. He observed the car's windshield wipers were operating at a high rate of speed even though there was no precipitation at the time. He observed the rear window to be completely covered with frost or ice. The officer followed the car for a bit and observed the car's tires cross over the center line of the street.[1] The officer then initiated a traffic stop by activating his squad car's top lights. Moreno, driver of the car, was eventually arrested and charged with operating while intoxicated, third offense, in violation of Iowa Code section 321J.2 (2013). He was also charged with driving while license barred as a habitual offender, in violation of sections 321.561 and 321.560, and operating a motor vehicle while license was denied or revoked, in violation of section 321J.21.

---

[1] The center line is not painted but is delineated by a saw cut that runs down the middle of the street.

Moreno filed a motion to suppress the evidence alleging the stop and seizure was conducted in violation of the Fourth Amendment of the United States Constitution and article I, section 8 of the Iowa Constitution. He argued the officer did not have probable cause or reasonable suspicion to stop the car. The district court denied Moreno's claims, and he raises them now on appeal.

In light of the constitutional dimensions of Moreno's claims, our review is de novo. *State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011). Federal and state constitutional search and seizure principles applicable to traffic stops were thoroughly discussed recently in *State v. Tyler*, 830 N.W.2d 288, 291-94 (Iowa 2013). *See also Pals*, 805 N.W.2d at 773-74. It would serve no purpose to repeat them here.

When a peace officer observes a traffic violation, however minor, the officer has probable cause to stop the vehicle. *Tyler*, 830 N.W.2d at 293.[2] A traffic violation therefore also establishes reasonable suspicion as reasonable suspicion is a less demanding standard than probable cause. *Harrison*, ___ N.W.2d at ___. "Probable cause exists if the totality of the circumstances as viewed by a reasonable and prudent person would lead that person to believe that a crime has been or is being committed and that the arrestee committed or is committing it." *State v. Bumpus*, 459 N.W.2d 619, 624 (Iowa 1990). "[T]he purpose of a probable cause stop is to seize someone who has already committed a crime." *Tyler*, 830 N.W.2d at 293. The State has the burden to

---

[2] Even the most trivial of infractions may justify a traffic stop. *See State v. Harrison*, ___ N.W.2d ___, ___ (Iowa 2014) (including a county name on plate obscured by license plate frame).

prove by a preponderance of the evidence that the officer had probable cause to stop the vehicle. *State v. Predka*, 555 N.W.2d 202, 206 (Iowa 1996).

The officer testified he stopped Moreno's car based on a number of observations: the car was driving slower than normally expected, its windshield wipers were operating in the absence of precipitation, it crossed the center line, and its rear window was completely covered with frost or ice which obscured the driver's vision. Iowa Code section 321.438(1) provides: "A person shall not drive a motor vehicle equipped with a windshield, sidewings, or side or rear windows which do not permit clear vision." The driver's view appeared to the officer to be obstructed. Having observed a violation of section 321.438(1), the officer had probable cause to stop the car. We therefore need not consider whether any of the other observations made by the officer would or would not have given the officer probable cause or reasonable suspicion to stop the car.

For the foregoing reasons, we affirm the district court's denial of Moreno's motion to suppress, and affirm the district court's judgment and sentence.

**AFFIRMED.**